LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 JUL 19 PM 4: 18

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

HUGH L. SULE,

                  Plaintiff,

      vs.

MONALIZA D. SULE,

                Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)

Domestic Case No. DM 0274-13

**DECISION & ORDER**

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on July 8, 2013. Plaintiff was represented by Attorney Ronald P. Moroni. Defendant was represented Attorney William B. Pole. After having carefully received and reviewed the papers, arguments and the file herein the court hereby denies in part and grants in part Defendants' motion for *pendente lite* support and attorney fees. Based upon the facts and legal standard outlined below Plaintiff shall pay the Defendant a support amount of $500.00 each month for the next three consecutive months following this order.

## BACKGROUND

On May 24, 2013, Defendant, pursuant to 19 GCA § 8402, filed a paper entitled, *Ex Parte* Motion for *Pendente Lite* Support and Attorney Fees Memorandum of Points and Authorities. In its paper Defendant requests that the court order that Plaintiff pay her $5000.00 for outstanding attorney fees and $5,000.00 each month in financial support for her necessities. In support of this request Defendant attests that to date she: has no place to live and is currently residing in a shelter; is caring for the Parties' 18-month old child; is not employed; has no reliable source of income; does not have a driver's license; was physically and verbally abused

by her husband; and has incurred more than $5,000.00 in attorney fees and legal costs. Defendant asserts that during their marriage Plaintiff provided her with $4,500.00 each month, the majority of which she sent to her family in the Philippines. She also asserts that Plaintiff: makes approximately $272,000.00 each year; is the owner of multiple properties; owns a Lamborghini, Lexus, Mercedes, a Cube Centra Nisson and a customized bike.

On July 5, 2013, Plaintiff Hugh L. Sule, filed a paper entitled, Plaintiff's Opposition to Defendant's Motion for *Pendente Lite* Support and Attorney Fees. In his paper Plaintiff asserts and argues that Defendant has failed to assert enough facts meet the requisite legal standard applied by the Guam Supreme court. Plaintiff asserts that this standard mandates that a Defendant must in detail inform the court of her needs and her resources. He argues and asserts that Defendant has misstated her resources and misrepresented her: housing and support needs and ability to obtain gainful employment. He further asserts that his current wages and income are not sufficient to meet his monthly expenses.

Defendant did not file a paper in reply to Plaintiff's opposition papers.

## DISCUSSION

Defendant has requested that the court enter a *pendent lite* support order awarding her $5,000.00 in attorney fees and $5,000 each month. Section 8402 of Title 19 of the Guam Code authorizes and regulates a court's ability to grant a *pendent lite* support order. It falls under Article 4's General Provision's and is entitled, Alimony and Permanent Support. In full it provides,

> When an action for dissolution of marriage is pending, the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary to enable the wife, or husband, to support herself and her children, or to support himself and his children, or prosecute or defend the action. When the husband or wife willfully deserts the wife or husband, or when the husband or wife has any cause of action for dissolution of marriage as provided in § 8203 of this Title, he or she may, without applying for dissolution

of marriage, maintain in the Superior Court an action against her or him for permanent support and maintenance of himself or herself or of himself and children or of herself and children. When the husband willfully fails to provide for the wife, she may, without applying for dissolution of marriage, maintain in the Superior Court an action against him for permanent support and maintenance of herself or of herself and children.

During the pendency of any such action the court may, in its discretion, require the husband or wife, as the case may be, to pay as alimony any money necessary for the prosecution of the action and for support and maintenance, and execution may issue therefor in the discretion of the court. The court, in granting the husband or wife permanent support and maintenance of himself or herself, or of himself and children or herself and children, in any such action, shall make the same disposition of the community property and of the homestead, if any, as would have been made if the marriage had been dissolved by the decree of a court of competent jurisdiction. The final judgment in such action may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court.

19 G.C.A. § 8402 (2013).

On its face Section 8402 provides that support ordered by the court for: alimony, any money necessary for the prosecution of the action, or for support and maintenance is to be awarded at the discretion of the court. *Id.* In 2005 the Guam Supreme Court explained that, "the 'discretion of the trial court ... is not arbitrary; it must be exercised along legal lines, taking into consideration the circumstances of the parties, their necessities, and the financial ability of the husband.'" *Cruz v. Cruz*, 2005 Guam 3 ¶ 10; *Arnold v. Arnold*, 12 P.2d 435, 436 (Cal. 1932). Similarly the court explained, "the word 'necessary' has not a fixed meaning, but is flexible and relative . . . . inasmuch as the action of the court rests in discretion." *Cruz v. Cruz*, 2005 Guam 3 ¶ 10.

In this case whether and to what degree the Defendant has the means to support herself is in dispute. Furthermore Plaintiff's ability to meet his own financial obligations and or provide support to the Defendant is also in dispute. The parties' pleadings and papers also allege disputed acts of verbal and physical abuse and control.

Not in dispute in this case is the relatively short length of the parties' 3 year marriage. During the marriage, it is unlikely that the parties would have acquired a significant amount of marital assets or come to rely upon a higher standard of living that their mutually acquired assets provided. Absent this or a more clear and detailed assertion of the Defendant's ability to obtain gainful employment the court is unable to factually support a *pendent lite* order in the amount requested by Defendant.

Plaintiff does not dispute that Defendant is not currently gainfully employed. Defendant, further, does not dispute that she has in the past been gainfully employed and has the skills and experience necessary to again acquire employment. She also does not dispute Plaintiff's assertion that she has obtained adequate housing and a temporary means of paying for her basic necessities. In light of these facts and under the authority outlined in Section 8402 of Title 19 of the Guam Code, the court finds that Defendant is entitled to a temporary support award. This award is intended to assist Defendant in seeking and obtaining employment, providing for her basic needs and meeting her current financial obligations.

## CONCLUSION

For the reasons set forth above Defendant's motion for *pendente lite* support is temporarily granted and shall last for a period of three months from the date of this order. Plaintiff is hereby ordered to provide the Defendant a payment of $500.00 each month. The first payment is due 7 days from the date of this order and each of the subsequent two months on the same numbered day.

SO ORDERED, this 19th day of _July_ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUL 1 9 2013

Glenric J. _____
Deputy Clerk, Superior Court of Guam